**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| AFL Telecommunications LLC, | No. CV 11-01086-PHX-FJM |
| Plaintiff, | **ORDER** |
| vs. |  |
| SurplusEQ.com, Inc., Tech Sales, LLC, and Daniel Parsons and Jane Doe Parsons, |  |
| Defendants. |  |

The court has before it defendants' motion to dismiss (doc. 25), plaintiff's response (doc. 29), and defendants' reply (doc. 30). Also before us are plaintiff's motion for preliminary injunction (doc. 6), defendants' response (doc. 23), plaintiff's reply (doc. 27), and defendants' motion to stay pending transfer (doc. 31). For the reasons that follow, we grant in part and deny in part defendants' motion to dismiss. We deny plaintiff's motion for preliminary injunction and deny defendants' motion to stay as moot.

**I**

Plaintiff AFL Telecommunications LLC ("AFL") is a wholly-owned subsidiary of Fujikura Ltd. ("Fujikura"), a Japanese manufacturer of fiber optic equipment. One of Fujikura's products is a fusion splicer, a device which it sells under the FUJIKURA trademark. AFL is the exclusive North American licensee for FUJIKURA fusion splicers. Defendants (an Arizona corporation, an Arizona limited liability company, the sole member

of the limited liability company, and his wife) sell fusion splicers and related equipment online. Defendants import FUJIKURA fusion splicers designed for sale outside the United States and sell them over the Internet to customers within the United States. These fusion splicers are grey market goods, defined as goods which are "produced and legitimately sold abroad under a particular trademark and are imported into the United States and sold in competition with goods of the owner of U.S. trademark rights in the identical mark." Vivitar Corp. v. United States, 761 F.2d 1552, 1555 (Fed. Cir. 1985).

Plaintiff filed a complaint on May 31, 2011, alleging claims for unfair competition under 15 U.S.C. § 1125(a), false advertising under 15 U.S.C. § 1125(a), common law unfair competition, and copyright infringement. Plaintiff filed a motion for preliminary injunction on June 1, 2011. Defendants filed a motion to dismiss on July 26, 2011. Defendants' motion to stay pending transfer (doc. 31), filed August 22, 2011, is also pending.

**II**

When considering a motion to dismiss pursuant to Rule 12(b)(6), Fed. R. Civ. P., "a court must construe the complaint in the light most favorable to the plaintiff and must accept all well-pleaded factual allegations as true." Shwarz v. United States, 234 F.3d 428, 435 (9th Cir. 2000). On the other hand, a court is "not bound to accept as true a legal conclusion couched as a factual allegation." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965 (2007) (quoting Papasan v. Allain, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986)). To survive a motion to dismiss, the complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570, 127 S. Ct. at 1974. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. ___, 129 S. Ct. 1937, 1949 (2009). Dismissal under Rule 12(b)(6) may be "based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

**III**

Plaintiff's first claim is for unfair competition under the Lanham Act. This statute creates civil liability for anyone who makes a false or misleading representation which "is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person." 15 U.S.C. § 1125(a)(1)(A). The ultimate issue under this statute is "whether there is a likelihood of confusion as to source." Am. Circuit Breaker Corp. v. Oregon Breakers Inc., 406 F.3d 577, 584-85 (9th Cir. 2005). There is no likelihood of confusion if two products are materially different. When dealing with grey market goods, "the threshold of materiality must be kept low enough to take account of potentially confusing differences–differences that are not blatant enough to make it obvious to the average consumer that the origin of the product differs from his or her expectations." Societe Des Produits Nestle, S.A., v. Casa Helvetia, Inc., 982 F.2d 633, 641 (1st Cir. 1992).

While there is no dispute as to whether the fusion splicers sold by defendants were actually manufactured by Fujikura, there is a dispute as to whether defendants modified these products. Plaintiff alleges that defendants changed the products' serial numbers and replaced memory chips in a way that damaged the products. These alleged changes are material, according to plaintiff, and therefore create a presumption of consumer confusion. Accepting these factual allegations as true, as we must at this stage, plaintiff has alleged the elements necessary to state a cause of action for unfair competition under the Lanham Act.

**IV**

Plaintiff also claims a violation of common law unfair competition. Unfair competition at common law consists of several tort theories. Fairway Constructors, Inc. v. Ahern, 193 Ariz. 122, 124, 970 P.2d 954, 956 (Ct. App. 1998). Plaintiff has failed to the provide the court with any indication of which theory of unfair competition it is alleging. Accordingly, plaintiff's claim of common law unfair competition is dismissed.

**V**

A prima facie case of false advertising under 15 U.S.C. § 1125(a)(1)(B) requires a

1 showing of a false statement made by the defendant in a commercial advertisement or
2 promotion which actually deceived or had the tendency to deceive its audience. The
3 deception must have been material, the defendant must have caused its statement to enter
4 interstate commerce, and the plaintiff must have been injured as a result. Jarrow Formulas,
5 Inc. v. Nutrition Now, Inc., 304 F.3d 829, 835 n.4 (9th Cir. 2002).

6 The disputed element here is whether the statement was made in a commercial
7 advertisement or promotion. For representations to constitute commercial advertising or
8 promotion under this statute, they must be "(1) commercial speech; (2) by a defendant who
9 is in commercial competition with plaintiff; (3) for the purpose of influencing consumers to
10 buy defendant's goods or services." Coastal Abstract Serv., Inc. v. First Am. Title Ins. Co.,
11 173 F.3d 725, 735 (9th Cir. 1999). The representations must also "be disseminated
12 sufficiently to the relevant purchasing public to constitute 'advertising' or 'promotion' within
13 that industry." Id. The plaintiff alleges that defendants' advertisement and promotion of the
14 splicers constituted false descriptions or representations of fact, which were disseminated
15 through defendants' websites and a blog. Compl. ¶¶ 63, 65. Defendants dispute that their
16 blog could be the basis for a false advertising claim, as they contend that it is informational
17 and therefore not commercial speech. Even if true, though, this argument does not dispose
18 of plaintiff's claim. Plaintiff alleges false statements were published on various sales
19 websites owned by the defendants in addition to the blog. These allegations are sufficient
20 to put defendants' statements within the realm of commercial speech. The other parts of the
21 "commercial advertising or promotion" definition are satisfied, as well as the remaining
22 elements of a prima facie case. Plaintiff has pled sufficient facts to show the facial
23 plausibility of a claim for false advertising.

**VI**

25 According to plaintiff, the software in FUJIKURA splicers is copyrighted by Fujikura
26 and exclusively licensed to AFL. Defendants allegedly infringed this copyright by
27 distributing fusion splicers with this software in violation of 17 U.S.C. § 106(3), which gives
28 a copyright owner exclusive rights to distribute copies of the copyrighted work by sale or

- 4 -

1    other transfer of ownership. To establish infringement, plaintiff must show "ownership of
2    the allegedly infringed material and . . . demonstrate that the alleged infringers violate at least
3    one exclusive right granted to copyright holders under 17 U.S.C. § 106." A&M Records, Inc.
4    v. Napster, Inc., 239 F.3d 1004, 1013 (9th Cir. 2001). As an exclusive licensee, plaintiff
5    owns an exclusive right under 17 U.S.C. § 106 and so may sue for copyright infringement.
6    17 U.S.C. §§ 501(b), 106; Silvers v. Sony Pictures Entm't, Inc., 402 F.3d 881, 884-85 (9th
7    Cir. 2005). Accepting plaintiff's factual allegations and reasonable inferences as true,
8    plaintiff has stated a claim for copyright infringement.

9        Defendants argue that they have an affirmative defense to copyright infringement
10    under the first-sale doctrine. However, in Omega S.A. v. Costco Wholesale Corp., the
11    United States Court of Appeals for the Ninth Circuit limited the first-sale doctrine to
12    domestically made copies of copyrighted works. 541 F.3d 982, 985 (9th Cir. 2008), aff'd per
13    curiam, 131 S. Ct. 565 (2010). Plaintiff's complaint does not directly state that the software
14    at issue was manufactured outside the United States, but this can reasonably be inferred. As
15    a result, under Omega, the first-sale doctrine is unavailable to the defendants because the
16    subject goods were not made domestically.

17        Defendants also contend that plaintiff's claim is barred by copyright misuse. While
18    they say that the defense of copyright misuse is clear from the face of the complaint, they do
19    not provide any explanation for this statement. "The misuse defense prevents copyright
20    holders from leveraging their limited monopoly to allow them control of areas outside the
21    monopoly." A&M Records, 239 F.3d at 1026. There is no indication of an unduly restrictive
22    licensing scheme, unilateral refusal to license a copyright, or other behavior suggesting
23    plaintiff has attempted to impermissibly expand its monopoly. Id. at 1027 & n.8. Plaintiff's
24    claim of copyright infringement is valid and not barred by the defense of misuse.

25    **VII**

26        "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed
27    on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief,
28    that the balance of equities tips in his favor, and that an injunction is in the public interest."

1  Winter v. Natural Res. Def. Council, Inc., 555 U.S. 7, 20, 129 S. Ct. 365, 374 (2008).
2  Plaintiff's motion for preliminary injunction is denied because plaintiff does not show it will
3  suffer irreparable harm in the absence of an injunction.  Irreparable harm is no longer
4  presumed in a trademark or copyright case upon a showing of a likelihood of success on the
5  merits. Flexible Lifeline Sys., Inc. v. Precision Lift, Inc., No. 10-35987, 2011 WL 3659315,
6  at *5 (9th Cir. Aug. 22, 2011) ("proclaim[ing] that the 'King' is dead, referring to Elvis
7  Presley the case–to the extent it supported the use of a presumption of irreparable harm in
8  issuing injunctive relief.").

9        Plaintiff argues that, even without this presumption, it will suffer irreparable harm in
10 the form of injury to reputation, injury to goodwill, and the threatened loss of prospective
11 customers.  Such intangible injuries can qualify as irreparable harm. Rent-A-Center, Inc. v.
12 Canyon Television & Appliance Rental, Inc., 944 F.2d 597, 603 (9th Cir. 1991).  But
13 "[s]peculative injury does not constitute irreparable injury." Goldie's Bookstore, Inc. v.
14 Superior Court, 739 F.2d 466, 472 (9th Cir. 1984).  Plaintiff has not introduced any factual
15 evidence of its purported injuries here.  A plaintiff seeking an injunction under the Lanham
16 Act must "offer something more than a mere subjective belief that he is likely to be injured
17 as a result of the false advertising, he must submit proof which provides a reasonable basis
18 for that belief." PBM Prods., LLC v. Mead Johnson & Co., 639 F.3d 111, 127 (4th Cir.
19 2011) (quoting Coca-Cola Co. v. Tropicana Prods., Inc., 690 F.2d 312, 316 (2d Cir. 1982)).
20 Since no proof of irreparable injury has been submitted, plaintiff has not met the standard for
21 a preliminary injunction.

**VIII**

23 **IT IS HEREBY ORDERED GRANTING** defendants' motion to dismiss plaintiff's
24 claim of common law unfair competition (doc. 25).

25 **IT IS ORDERED DENYING** defendants' motion to dismiss plaintiff's federal unfair
26 competition, federal false advertising, and copyright infringement claims (doc. 25).

27 **IT IS FURTHER ORDERED DENYING** defendants' motion to stay pending
28 transfer as moot (doc. 31).

1   **IT IS FURTHER ORDERED DENYING** plaintiff's motion for preliminary
2 injunction (doc. 6).
3   DATED this 13th day of September, 2011.

*Frederick J. Martone*
Frederick J. Martone
United States District Judge