**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AFL Telecommunications LLC, | No. CV11-1086-PHX-DGC |
| Plaintiff, | **ORDER** |
| vs. | |
| SurplusEZ.com, Inc., Tech Sales, LLC, and Daniel Parsons and Jane Doe Parsons, | |
| Defendants. | |

Plaintiff, AFL Telecommunications LLC ("AFL") filed a motion seeking to enjoin Defendants from advertising and selling the Fujikura brand of fusion splicers in competition with AFL, pending resolution of AFL's unfair competition, false advertisement, and copyright infringement claims. Doc. 6. This action was originally assigned to Judge Frederick J. Martone. Judge Martone denied the motion on the basis that Plaintiff had not shown "irreparable harm." Doc. 32 at 6. This action has since been transferred to this Court, where AFL is involved in another action alleging similar claims against Defendants Fiberoptic Hardware, LLC and George Kyrias. *See* Doc. 34 at 16.

AFL has now filed a motion for reconsideration of Judge Martone's order denying its motion for a preliminary injunction. Doc. 39. Defendants have filed a response. Doc. 44. For the reasons set forth below, the Court will deny Plaintiff's motion to reconsider.

**I.    Legal Standard.**

Motions for reconsideration are disfavored and should be granted only in rare

circumstances. *See Stetter v. Blackpool*, No. CV 09-1071-PHX-DGC, 2009 WL 3348522, at *1 (D. Ariz. Oct. 15, 2009). A motion for reconsideration will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to [the Court's] attention earlier with reasonable diligence." LRCiv 7.2(g)(1); *see Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003). Mere disagreement with an order is an insufficient basis for reconsideration. *See Ross v. Arpaio*, No. CV 05-4177-PHX-MHM, 2008 WL 1776502, at *2 (D. Ariz. 2008). Nor should reconsideration be used to ask the Court to rethink its analysis. *Id.*; *see N.W. Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925-26 (9th Cir. 1988).

**II.     Discussion.**

AFL is a wholly-owned subsidiary of Fujikura Ltd. and is the exclusive licensed distributor of the Fujikura fusion splicer (a machine used to fuse together separate lengths of fiber-optic cables) and its accompanying copyrighted software in North America. This action arises from AFL's allegations that Defendants have engaged in unfair competition, false advertising, and copyright infringement by importing Fujikura fusion splicers manufactured for sale outside the United States – and containing foreign software – and selling altered versions of them to domestic consumers on the Internet. Plaintiff sought to preliminarily enjoin Defendants from advertising and selling the Fujikura brand of fusion splicers pending resolution of these claims.

To obtain preliminary injunctive relief, Plaintiff must show that it is likely to succeed on the merits, that it is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in its favor, and that an injunction is in the public interest. *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 20 (2008).

The Court denied Plaintiff's motion for a preliminary injunction because it found that the Ninth Circuit's presumption of irreparable harm no longer applies to trademark cases. Doc. 32 at 6. The Court also found that Plaintiff had not alleged sufficient facts to make a claim of irreparable harm absent the presumption. *Id.* Plaintiff alleges legal

error: "Specifically, the Court failed to follow Ninth Circuit law recognizing a presumption of irreparable harm where the plaintiff shows a likelihood of success on [a trademark claim]." Doc. 39 at 1-2.

The Court, citing to *Flexible Lifeline Systems Inc. v. Precision Lift, Inc.*, 654 F. 3d 989, 995 (9th Cir. 2011), stated that "[i]rreparable harm is no longer presumed in a trademark or copyright case upon a showing of a likelihood of success on the merits." Doc. 32 at 6. Plaintiff argues that *Flexible Lifeline* was a copyright case and that it did not deal with the presumption of irreparable harm in a trademark case. Doc. 39 at 3. Plaintiff also states that *Flexible Lifeline* did not overrule *El Pollo Loco, Inc. v. Hashim*, 316 F. 3d 1032, 1038 (9th Cir. 2003), or *Marlyn Nutraceuticals Inc. v. Mucos Pharma GmbH & Co.*, 571 F. 3d 873, 877 (9th Cir. 2009), both of which Plaintiff cited as supporting the Ninth Circuit's presumption of irreparable harm in a trademark infringement action. Doc. 39 at 4; *see* Doc. 6 at 13.

Plaintiff is technically correct. In *Flexible Lifeline*, the Ninth Circuit based its holding on the Supreme Court holding in *eBay Inc. v. Mercexchange, L.L.C.*, 547 U.S. 388 (2006), which found a presumption of irreparable harm invalid in patent infringement cases. 654 F. 3d at 995-96. The Court in *eBay* drew parallels between the equitable analyses required for issuing injunctions in the Patent Act and the Copyright Act, leading the Ninth Circuit to conclude that "under *eBay*, a presumption of irreparable harm is equally improper in a case based on copyright infringement as it is in a case based on patent infringement." 654 F. 3d at 996. Accordingly, the Ninth Circuit overruled *Elvis Presley Ents., Inc. v. Passport Video*, 349 F. 3d 622 (9th Cir. 2003), stating that "the 'King' [the *Elvis Presley* case] is dead . . . to the extent that it supported the use of presumption of irreparable harm in issuing injunctive relief." 653 F. 3d at 995 (cited in Judge Martone's order, Doc. 32 at 6). *Flexible Lifeline*'s precise holding, however, was limited to overruling the presumption of irreparable harm in the copyright context: "we hold that even in a copyright infringement case, the plaintiff must

demonstrate a likelihood of irreparable harm as a prerequisite for injunctive relief, whether preliminary or permanent." 654 F. 3d at 998.

The Ninth Circuit's analysis in *Flexible Lifeline*, as well as the Supreme Court cases on which *Flexible Lifeline* relied, however, suggests a lack of favor with *any* presumption of irreparable harm when issuing preliminary or permanent injunctions. In *eBay*, the Supreme Court rejected taking a categorical approach to injunctive relief and reaffirmed the practice of applying "traditional equitable considerations." 547 U.S. at 393-94. The adherence to equitable considerations that the Court noted in the language of both the Copyright Act and the Patent Act (547 U.S. at 392-93 (quoting 35 U.S.C. § 283, 17 U.S.C. § 502(a))) is consistent with the Lanham Act's provisions regarding injunctive relief in the trademark context. *See* 15 U.S.C. §§ 1116(a) (stating that "[t]he several courts . . . shall have power to grant injunctions according to the principles of equity and upon such terms as the court may deem reasonable"), 1125(c)(1) (referring to the issuance of injunctive relief "subject to the principles of equity"), 1125 (c)(5) (same). On the basis of this analysis, *Flexible Lifeline*'s extension of *eBay*'s rejection of presumptions in a patent case to a rejection of presumptions in a copyright case supports a like extension to the trademark context.

In *Flexible Lifeline*, the Ninth Circuit also discussed the Supreme Court's ruling in *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 22 (2008). 654 F. 3d at 996-97. This analysis also suggests that *Flexible Lifeline*'s rejection of presumptions of irreparable harm applies broadly to all actions for injunctive relief. In *Winter*, the Court found that the Ninth Circuit's use of a "possibility" of irreparable harm standard was "too lenient" and that a plaintiff must show that irreparable harm is "likely." 654 F. 3d at 996 (citing to *Winter*, 555 U.S. at 22). The court opined that "[i]f our past standard, which required a plaintiff to demonstrate at least a possibility of irreparable harm, is 'too lenient,' then surely a standard which presumes irreparable harm without requiring any showing at all is also 'too lenient'" 654 F. 3d at 997.

*Flexible Lifeline*'s discussion of *Marlyn*, a post-*Winter* Ninth Circuit case upon which AFL relies, is not to the contrary. In *Marlyn*, the Ninth Circuit upheld the district court's presumption of irreparable harm in a trademark infringement case in which "the [district] court cited Ninth Circuit law holding that '[i]n a trademark infringement claim, irreparable injury may be presumed from a showing of likelihood of success on the merits.'" 571 F. 3d at 877 (citing *El Pollo Loco, Inc. v. Hashim*, 316 F. 3d 1032, 1038 (9th Cir. 2003) (quoting *GoTo.com Inc. v. Walt Disney Co.*, 202 F. 3d 1199, 1205 n. 4 (9th Cir. 2000) (internal quotation marks omitted). *Flexible Lifeline* concluded, however, that *Marlyn* did not constitute an affirmation of the continued use of this presumption because it gave only a summary treatment of it and it did not address its applicability in light of *eBay* and *Winter*. 654 F. 3d. at 997 ("The panel's summary treatment of the presumption without consideration of the effect of *eBay* and *Winter* does not . . . constitute an affirmation of the presumption's continued vitality.").

In light of *Flexible Lifeline*'s discussion of *eBay*, which reaffirmed applying principles of equity as opposed to categorical rules when issuing injunctive relief, and *Winter*, which held that a finding of irreparable harm requires not just a "possibility" of harm, but a showing that irreparable harm is "likely," the Court does not find that Judge Martone's order rejecting a presumption of irreparable harm in this case constituted manifest error.[1]

**IT IS ORDERED** that Plaintiff's motion to reconsider (Doc. 39) is **denied**.

Dated this 15th day of November, 2011.

David G. Campbell
United States District Judge

---

[1] Plaintiff also argues that the Court's order in this case is inconsistent with its order issuing a preliminary injunction in *AFL Telecommunications LLC v. Fiberoptic Hardware, LLC*, 11-cv-1081-PHX-DGC. Doc. 39 at 2. This argument is not persuasive because in *Fiberoptic Hardware* the Court based its finding of irreparable harm to the Fujikura trademark on a specific showing of customer dissatisfaction with a Fujikura fusion splicer sold by the defendant. Doc. 34 at 15.