**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AFL Telecommunications LLC,<br><br>　　　　　　Plaintiff,<br><br>vs.<br><br>SurplusEQ.com, Inc., Tech Sales, LLC, and Daniel Parsons and Jane Doe Parsons,<br><br>　　　　　　Defendant. | No. CV11-1086-PHX-DGC<br><br>**ORDER** |

On January 27, 2012, Plaintiff AFL Telecommunications LLC ("AFL") filed a First Amended Complaint ("FAC"). Doc. 55. Defendants have filed a motion to dismiss Count 4. Doc. 56. Plaintiff has responded (Doc. 58) and Defendants have replied (Doc. 59). Neither party has requested oral argument. For the reasons that follow, the Court will deny the motion.

**I.　Background.**

AFL is a wholly-owned subsidiary of Fujikura Ltd. ("Fujikura"), a Japanese manufacturer of fiber optic equipment. One of Fujikura's products is a fusion splicer, a device that it sells under the FUJIKURA trademark. AFL is the exclusive North American licensee for Fujikura fusion splicers. Defendants sell fusion splicers and related equipment online. Each Fujikura fusion splicer contains operating software that is installed on the splicers during the manufacturing and licensed in the country to which it is shipped.

**II. Standard.**

When analyzing a complaint for failure to state a claim to relief under Rule 12(b)(6), the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009) (citation omitted). Legal conclusions couched as factual allegations are not entitled to the assumption of truth, *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1950 (2009), and therefore are insufficient to defeat a motion to dismiss for failure to state a claim, *In re Cutera Sec. Litig.*, 610 F.3d 1103, 1108 (9th Cir. 2010) (citation omitted). To avoid a Rule 12(b)(6) dismissal, the complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This plausibility standard "is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

**III. Analysis.**

To establish a prima facie case of copyright infringement, a plaintiff must show (1) ownership of the allegedly infringed material and (2) a violation of at least one exclusive right granted to copyright holders under 17 U.S.C. § 106. *A & M Records v. Napster, Inc.*, 239 F.3d 1004, 1013 (9th Cir. 2001). AFL alleges that Defendants distributed fusion splicers in the United States which incorporated the Fujikura operating software. Defendants make two primary arguments to support dismissal of this claim: (1) AFL has not adequately alleged ownership of a valid copyright on the operating software at the time of the alleged infringement, and (2) AFL has not adequately alleged how Defendants infringed the copyright.

**A. Ownership.**

AFL's claim of ownership arises from a combination of (1) Fujikura's ownership

of a copyright and (2) Fujikura's licensing to AFL of the exclusive right to distribute the copyrighted work in the United States. A work is copyrightable under the Copyright Act when it is original and fixed in a tangible medium. 17 U.S.C. § 102(a). "Original, as the term is used in copyright, means only that the work was independently created by the author (as opposed to copied from other works), and that it possess at least some minimal degree of creativity." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991). AFL alleges that all versions of the operating software since its creation in 2008 "constitute original works of authorship that were created by Fujikura employees, who wrote the code constituting the software in Japan and within the scope of their employment." Doc. 55 ¶75. An employer owns the copyright to any copyrightable work created by employees within the scope of their employment. 17 U.S.C. § 101 (definition of "work made for hire"). AFL has sufficiently alleged that the operating software is owned by Fujikura and is copyrightable.

The Copyright Act provides that "no action for infringement . . . shall be instituted until preregistration or registration of the copyright claim has been made in accordance with this title." 17 U.S.C. § 411(a). On May 26, 2011, Fujikura obtained U.S. Copyright Registration No. TX 7-400-942, which covers version 1.32b of the operating software for the splicers. Plaintiff argues that the 2011 copyright registration is insufficient to maintain the current action because the alleged infringement occurred in 2009. AFL cites two cases which adopt the "effective registration doctrine" and hold that a plaintiff need not produce a separate registration relating to a pre-existing work in order to maintain an action for infringement of the preexisting work. *See Streetwise Maps v. Vandam, Inc.*, 159 F.3d 739, 747 (2d Cir. 1998) (holding that "the registration certificate relating to the derivative work . . . will suffice to permit [the plaintiff] to maintain an action for infringement based on defendants' infringement of the pre-existing work"); *Salestraq Am., LLC v. Zyskowski*, 635 F. Supp. 2d 1178, 1181 (D. Nev. 2009) (holding that a registration of a 2008 version of a compilation of floor plans and locations was sufficient to maintain an action for infringement of the 2007 unregistered version).

Defendants rely on an Eleventh Circuit case which holds that when the registration of a work entirely fails to identify the unregistered preexisting work in the copyright registration, an action for infringement of the unregistered preexisting work cannot be maintained. *Oravec v. Sunny Isles Luxury Ventures, L.C.*, 527 F.3d 1218, 1229-30 (11th Cir. 2008). *Oravec* recognized, however, that cases applying the effective registration doctrine all involve "derivative or collective works that incorporated material from unregistered preexisting works." *Id.* at 1229.

In this case, the FAC alleges that "[a]lthough each new numbered version [of the operating software] incorporates some original, copyrightable content not included in the immediately preceding version, all versions share substantial original, copyrightable content." Doc. 55 ¶ 76. It is reasonable to infer from this allegation that each successive version incorporates the preceding versions. Given this allegation, the Court concludes that the law stated in *Streetwise* and *Salestraq* should be applied in this case. In addition to those cases, other courts have held that registration of a derivative work permits legal actions on preceding versions of the work. *See*, *e.g.*, *In re Indep. Serv. Orgs. Antitrust Litig.*, 964 F. Supp. 1469, 1473 (D. Kan. 1997) (holding that registration of derivative service manuals and software was sufficient to allow infringement claim based on preexisting works authored by same party); *Greenwich Film Prods. v. DRG Records, Inc.*, 833 F. Supp. 248, 251-52 (S.D.N.Y. 1993) (holding that registration for motion picture was sufficient to cover musical compositions contained therein where plaintiff owned copyrights in both); 2 Melville B. Nimmer & David Nimmer, *Nimmer on Copyright* § 7.16[B][2][c] (2008) ("When the same party owns the derivative or collective work plus the underlying elements incorporated therein, its registration of the former is sufficient to permit an infringement action on the underlying parts, whether they be new or preexisting.") (citation and internal quotation marks omitted)).

The Court also notes that in *Oravec* the plaintiff sought to assert copyright infringement of unregistered three-dimensional models of an architectural work based on registration of architectural drawings. 527 F.3d at 1230. In *Streetwise*, the plaintiff was

asserting infringement of prior unregistered street maps based on a registration of a later version of the same map. 159 F.3d at 747. The allegations in the FAC suggest that an updated version of the splicer operating software is more like the street maps in *Streetwise* – some or all of the prior versions are still part of the work.

The FAC alleges that Fujikura "grants to AFL the right to bring suit for infringement, including infringement claims existing as of the date of the agreement." Doc. 55 ¶ 77. AFL argues that this allegation is sufficient to allow AFL to pursue an infringer for infringement that occurred prior to the assignment. The Court agrees. *See Co-Opportunities, Inc. v. Nat'l Broadcasting Co., Inc.*, 510 F. Supp. 43, 46-47 (N.D. Cal. 1981) (assignment of existing causes of action entered into after commencement of litigation was valid to transfer accrued claims back to the filing of the complaint).

### 2. Infringement.

Defendants argue that AFL does not plausibly allege how they violated any exclusive and protectable right. In particular, Defendants argue that it is impossible to determine whether the products that it allegedly sold included the original aspects of the copyrighted software or even part of the software. AFL has alleged that Defendants distributed fusion splicers in the U.S. which incorporated Fujikura's operating software. Doc. 55 ¶ 78. The exclusive rights granted to a copyright owner are found in § 106 of the Copyright Act, and include the exclusive right to distribute the copyrighted work. 17 U.S.C. § 106(3). Accepting AFL's allegations as true, as the Court must at this stage, AFL has adequately alleged a violation of its exclusive right to distribute.

**IT IS ORDERED** that Defendants motion to dismiss (Doc. 56) **is denied.**

Dated this 9th day of April, 2012.

_____
David G. Campbell
United States District Judge