**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AFL Telecommunications LLC,<br><br>Plaintiff,<br><br>v.<br><br>SurplusEQ.com Incorporated, Tech Sales LLCV, Daniel Parsons,<br><br>Defendants. | No. CV11-01086-PHX-DGC<br><br>**ORDER** |

Defendants have filed an application for issuance of a commission for depositions in a foreign country under Federal Rule of Civil Procedure 28(b)(2), requesting that the Court commission the consul or vice consul of the United States Embassy in Tokyo, Japan, to take the depositions of three witnesses. Doc. 77. Defendants' attached "Commission to Take Depositions in a Foreign Country" states that it is made "pursuant to Article 17 of the United States – Japan Consular Convention." Doc. 77-2 at 1. It also states that the depositions are to commence on or about September 4, 2012 and terminate on or about September 6, 2012. *Id.* at 2.

Rule 28(b) provides four ways for a United States court to request depositions in a foreign country: "(1) pursuant to a treaty or convention; (2) pursuant to a letter of request; (3) on notice before a person authorized to administer oaths in the place where the examination is held; and (4) before a person commissioned by the court." *Mujica v. Occidental Petroleum Corp.*, 381 F.Supp. 2d 1134, 1151 (C.D. Cal. 2005); *See* Fed. R. Civ. P. 28(b).

Where the court issues a commission, it must name or designate by title the person before whom the deposition will be taken. Fed. R. Civ. P. 28(b)(3). Typically, this is a consular officer, *see* William H. Baker, *Obtaining Evidence: International Discovery Techniques–The Taking of Evidence Abroad for Use in American Courts,* 688 PLI/Lit 173, at *195 (2003), but "[a]ny United States notarizing officer may be . . . designated to execute a commission to take depositions," 22 C.F.R. § 92.55(a). In countries where relevant treaties or laws do not permit the notarizing officer to take depositions, those in receipt of a commission must return it with explanations and instructions regarding alternate methods of securing the depositions. *Id.* at § 92.55(c). Ordinarily, the commission is also accompanied by detailed instructions for its execution. *Id.* at § 92.53.

Defendants have styled their request as one for a commission under Rule 28(b)(1)(d), not as one pursuant to "an applicable treaty or convention" under Rule 28 (b)(1)(a). They have stated, however, that their request is made "pursuant to Article 17 of the United States – Japan Consular Convention." Doc. 77-2 at 1. In the interest of following appropriate procedures and avoiding possible delay, the Court will require Defendants to submit a copy of the relevant provisions in the United States – Japan Consular Convention. *See* Federal Rule 28(b)(3) ("When a letter of request or any other device is used according to a treaty or convention, it must be captioned in the form prescribed by the treaty or convention.").

Defendants' request also appears insufficiently detailed. Defendants have included in their attached commission the relevant dates and times for the depositions and have listed the attorneys to be present, but the commission does not state that the consul or vice consul is to administer oaths or otherwise refer to his or her duties at the deposition under 22 C.F.R. § 92.56. In addition, Defendants have not specified whether they will require or retain translators. S*ee, e.g.*, *Beanal v. Freeport-McMoran, Inc.*, No. 96-1474, 1996 WL 243533 (E.D. La. May 9, 1996) (requiring that defendants retain necessary interpreters from a list provided by the United States Embassy and commissioning the chosen interpreters to serve at deposition.). Nor have Defendants

stated whether they or the consular officials will retain the stenographer to "cause the testimony of said witnesses to be reduced to writing." Doc. 77-2 at 2.

Finally, the application states that the depositions will occur on September 4-6, 2012, well after the June 15, 2012 close of fact discovery set by this Court (Doc. 95) at the parties' request (Doc. 76). The Court has stated that it will not extend this already-extended deadline. Doc. 95, ¶ 10. *See Horvath v. Deutsche Luthansa, AG*, No. Civ. 3269(PKC), 2004 WL 241671, *4 (S.D. N.Y., Feb. 9, 2004) (noting that Rule 28 does not divest the court of its supervisory authority over the discovery process).

The Court will deny Defendants' application without prejudice to their re-filing of an application that addresses these issues.

**IT IS ORDERED** that Defendants' application for a commission for depositions in a foreign country (Doc. 77) is **denied** without prejudice.

Dated this 26th day of April, 2012.

_____
David G. Campbell
United States District Judge