Geoffrey S. Kercsmar (#020528)
Gregory B. Collins (#023158)
Kercsmar & Feltus PLLC
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
Telephone: (480) 421-1001
Facsimile: (480) 421-1002
gsk@kflawaz.com
gbc@kflawaz.com

Daniel J. Noblitt (#015221)
The Noblitt Group, PLLC
8800 North Gainey Center Drive, Suite 279
Scottsdale, Arizona 85258
Telephone: (480) 994-9888
dnoblitt@ngtechlaw.com

Co-counsel for Defendants

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| AFL Telecommunications LLC,<br><br>Plaintiffs,<br><br>v.<br><br>SurplusEQ.com Inc. et al.,<br><br>Defendants. | Case No. 2:11-cv-01086-DGC<br><br>**AMENDED APPLICATION FOR ISSUANCE OF COMMISSION FOR DEPOSITIONS IN A FOREIGN COUNTRY PURSUANT TO APPLICABLE CONVENTION** |

In accordance with Fed. R. Civ. P. 28(b)(2), this Court's Order of April 26, 2012 (Doc. 96), and Article 17 of the United States–Japan Consular Convention (attached as Exhibit A), Defendants submit this amended application for issuance

of a commission. Pursuant to C.F.R. § 92.56, the consul or vice consul of the United States assigned to Tokyo, Japan, Embassy of the United States of America, 1-10-5 Akasaka, Minato-ku, Tokyo, Japan, 107-8420 (the "Embassy"), shall administer oaths and shall take the testimony of the following witnesses:

1. Noriyuka Kawanishi
   Fujikura Ltd
   1-5-1 Kiba, Koto-ku, Tokyo, 135-8512, Japan

2. Yoichi Naganama
   Fujikura Ltd
   1-5-1 Kiba, Koto-ku, Tokyo, 135-8512, Japan

3. Hideo Naruse
   Fujikura Ltd
   1-5-1 Kiba, Koto-ku, Tokyo, 135-8512, Japan

4. Toshiki Kubo[1]
   Fujikura Ltd
   1-5-1 Kiba, Koto-ku, Tokyo, 135-8512, Japan.

A translator will be required, and will be retained from the list provided by the Embassy. A stenographer, retained from the list provided by the Embassy, will cause the testimony of the foregoing witnesses to be reduced to writing.

This application is based on the grounds that Noriyuka Kawanishi, Yoichi Naganama, Hideo Naruse and Toshiki Kubo have knowledge of facts material to the defense of this action. Indeed, Plaintiff has already relied on a declaration

---

[1] Mr. Kubo's deposition was not sought by the original Application. His importance to the facts of this case was only discovered at the April 24, 2012 deposition of AFL under Rule 30(b)(6). (*See* Deposition of Stephen Althoff, attached as Exhibit B, at pp. 161:7 to 162:5 and 176:9 to 177:10.)

provided by Mr. Kawanishi,[2] an inspection and report created by Mr. Kubo,[3] and critical documents signed by Naganama and Naruse in support of Plaintiff's claims in this action.[4] But AFL refuses to make these witnesses available for deposition under Rule 30 anywhere in the world.[5] The issuance of the commission to take the deposition of Noriyuka Kawanishi, Yoichi Naganama, Hideo Naruse, Toshiki Kubo would be the easiest and most economical means of securing their testimony—testimony which is needed to establish Plaintiff's claim of liability and damages. This Court has the authority to require Plaintiff to produce foreign, non-party witnesses for deposition, particularly because these foreign witnesses have

---

[2] Mr. Kawanishi is the fusion splicer research and development manager for Fujikura Ltd. His declaration, offered in support of Plaintiff's Motion for Preliminary Injunction, is seven pages in length and attaches nine pages of exhibits. Mr. Kawanishi is the only witness in this matter with knowledge to testify about:
- The warranty documents for the fusion splicers at issue here (*see* Exhibit C at ¶ 5–7);
- The serial number identifier issued at the Fujikura factory in Japan (*see id*. at ¶ 9);
- Together with Tokishi Kubo, the inspection of the "818" fusion splicer that forms the core of AFL's trademark claim (*see id*. at ¶ 11–14); and,
- Any possible degradation of the fusion splicer that may exist due to the alleged modifications (*see id*. at ¶ 20–21).

[3] Mr. Kubo led the inspection of the "818" fusion splicer at AFL's Duncan, South Carolina facility, and assisted in the preparation of the report on which AFL intends to rely at trial. (*See* Exhibit B at 176:9 to 177:10.)

[4] Naganama and Naruse were the signatories on the exclusive trademark and copyright licenses, respectively, which give AFL the rights to bring this action and seek damages. They are expected to testify that, before these licenses were signed, AFL did not have an exclusive license to use Fujikura's copyrights and trademarks, and that these licenses were signed only to allow AFL to sue Defendants, and not for other commercial purposes. (*See* Exhibit B at pp. 15:13 to 17:17; 119:22 to 120:3; and 168:13 to 169:4.)

[5] In the alternative, Defendants will move the Court to compel the depositions of Kawanishi, Kubo, Naganama and Naruse under Rule 30. *See Alcan Int'l Ltd. v. S.A. Day Mfg. Co., Inc.*, 176 F.R.D. 75, 78-79 (W.D.N.Y. 1996), *citing Cooper Indus., Inc. v. British Aerospace*, 102 F.R.D. 981, 919-20 (S.D.N.Y. 1984). Absent some way of deposing these witnesses, Defendants have no means of discovering the facts of the Fujikura fusion splicers' warranty or performance.

unique knowledge and will likely appear if Plaintiff asks. *See Schindler Elevator Corp. v. Otis Elevator Co.*, 06 Civ. 5377, 2007 U.S. Dist. LEXIS 44200 (S.D.N.Y. June 15, 2007) (requiring plaintiff to produce an inventor for deposition, even though he was not a party, because he would appear if plaintiff requested); *Minebea Co., Ltd. v. Papst*, 370 F. Supp. 2d 302 (D. D.C. 2005) (ordering the defendant to produce foreign third party witnesses for deposition where defendant was in close contact with them and had the ability to require them to give testimony); *Alcan Int'l*, 176 F.R.D. at 79 (requiring plaintiffs to produce a retired employee for deposition, even though he lived in Germany, because he had unique knowledge). In particular, it would be inequitable for AFL to use Mr. Kawinishi's declaration and Mr. Kubo's report while also shielding them from a deposition by claiming that AFL cannot produce them. *See Alcan Int'l*, 176 F.R.D. at 78–79. Accordingly, this Commission should be issued.

As set forth in the Commission attached as Exhibit H, these depositions will be taken under the procedure set forth in Rule 30, and in accordance with any applicable federal regulations (*e.g.*, 22 C.F.R. §§ 92.56, 92.57, and 92.59), at the date, time, and location listed in the notices of deposition, which are attached as Exhibits D–G. Article 17 of the United States–Japan Consular Convention, which is attached as Exhibit A, authorizes the taking of these depositions on the terms set forth in the Commission. Under the Consular Convention, and in accordance with relevant guidance provided on the Embassy's official website,[6] Defendants will make all necessary arrangements for interpreter or translator services, as well as court-reporting services.

Finally, as set forth in the Commission and Notices of Deposition, these examinations are scheduled for September 4–6, 2012. These were the earliest dates available when the Embassy was contacted months ago. A scheduling order

---

[6] *See* http://japan.usembassy.gov/e/acs/tacs-deposition_detail.html

entered under Rule 16 may be modified for "good cause and with the judge's consent." Rule 16(b)(4). Good cause exists here because Japan and the United States have agreed that depositions to be used in U.S. federal courts may take place *only* at the designated deposition room of the U.S. Embassy in Japan.[7] As shown by the Embassy's website, this room is booked months in advance. Indeed, when it became necessary to take the depositions at issue here—and only because Plaintiff refused to produce the witnesses voluntarily—Defendants sought to hold the depositions as soon as possible, which turned out to be early September 2012. In other words, these late depositions were not made necessary because of undue delay or dilatory tactics, but by the high demand for limited space at the U.S. Embassy. Defendants have *not* asked the Court to allow any other discovery to occur after the June 15 discovery cut-off, nor do they intend to suggest that the discovery cut-off be extended for any other discovery devices. Defendants have only asked the Court to allow this one exception because of circumstances beyond their control.

For these reasons, Defendants respectfully ask the Court to issue the requested Commission and allow these depositions to proceed.

Dated: June 1, 2012

Kercsmar & Feltus PLLC

By: *s/ Geoffrey S. Kercsmar*
Geoffrey S. Kercsmar
Gregory B. Collins
6263 North Scottsdale Road, Suite 320
Scottsdale, Arizona 85250
Attorneys for Defendants

---

[7] *See* http://japan.usembassy.gov/e/acs/tacs-7116.html

**CERTIFICATE OF SERVICE**

I certify that on June 1, 2012, I electronically transmitted the foregoing to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following:

- Joel T. Beres
  John W. Scruton
  Stites & Harbison
  400 West Market Street, Suite 1800
  Louisville, Kentucky 40202
  Attorneys for Plaintiff

- Sean David Garrison
  Shane Eric Olafson
  Lewis & Roca LLP
  40 North Central Avenue, Suite 1900
  Phoenix, Arizona 85004-4429
  Attorneys for Plaintiff

 *s/ Geoffrey S. Kercsmar*