**DECLARATION OF JOHN W. SCRUTON**

I, John W. Scruton, declare as follows:

1.     I am an attorney-at-law, licensed to practice before the courts of the states of Kentucky and California, and am of counsel to the firm of Stites & Harbison, counsel for AFL Telecommunications LLC in this matter. I have personal knowledge of the facts set forth herein and, if called as a witness, could and would competently testify thereto.

2.     Attached hereto as Exhibit 1 is a true and correct copy of an email to me from Geoffrey Kercsmar, counsel for Defendants in this action, dated April 11, 2012. In that email, Mr. Kercsmar confirmed that Defendants were treating documents produced by AFL as confidential. (Underlining has been added to Exhibits 1-3 to highlight the pertinent portions.)

3.     Attached hereto as Exhibit 2 is a true and correct copy of an April 19, 2012 email from me to counsel for Defendants, transmitting draft protective orders and confirming my understanding that "the materials exchanged to this point will be treated as 'confidential'" under either of the draft orders attached to the email. To my knowledge, I never received any communication controverting that understanding.

4.     Attached hereto as Exhibit 3 is a true and correct copy of a July 12, 2012 email exchange between counsel for Defendants and me again confirming

1

that the parties have agreed to confidentiality provisions, again without controversy from counsel for Defendants.

    5.    The "single tier" draft of a protective order that was attached to my April 19, 2012 email to Mr. Kercsmar included the following provision at paragraph 13:

> Every document containing Confidential Information which is filed or lodged with the Court, or any pleading or memorandum purporting to reproduce or paraphrase such information, shall be filed or lodged in accordance with the Court's Local Rules and other applicable orders and procedures for filing or lodging material under seal, including, as necessary, a motion to seal.  A Designating Party who in good faith believes that any non-confidential filing includes its Confidential Information may, within five calendar days of learning of the defective filing or lodging, request that the Court treat it as having been filed or lodged under seal.  Notice of such request shall be given to all Parties.

That same language was incorporated in the August 17, 2012 Protective Order as paragraph 12.

I declare under penalty of perjury under the laws of the United States of America and the Commonwealth of Kentucky that the foregoing is true and correct.

Dated: October 22, 2012

_____
John W. Scruton

14173N:101210:902754:1:LOUISVILLE

2

# Exhibit 1

Email dated April 11, 2012

**Scruton, John**
___

| | |
|---|---|
| **From:** | Geoffrey Kercsmar <gsk@kflawaz.com> |
| **Sent:** | Wednesday, April 11, 2012 2:05 PM |
| **To:** | Smith, Melissa; dnoblitt@ngtechlaw.com; Gregory Collins |
| **Cc:** | Beres, Joel; Scruton, John; sgarrison@lrlaw.com; solafson@lrlaw.com |
| **Subject:** | RE: AFL Telecommunications LLC v. SurplusEQ.com Incorporated et al. |

Counsel:

We have had a chance to review the documents produced by AFL; thank you for providing them. Despite the production, we have a number of pending discovery issues to address:

- We still have not received any interrogatory responses—only AFL's boilerplate objections. There is no basis for AFL refusing to respond to, at the very least, the first 25 interrogatories. Please confirm these will be served this week. When we receive them, we will serve Defendants' responses to your interrogatories.
- The documents produced by AFL are by no means complete. We have not identified particular categories yet, but I will provide a list of categories shortly. We do not waive any requests for documents we have made to this point.
- Defendants will serve their responses to the requests for production today, with the first set of documents, via overnight mail (but see below).
- We have treated your documents as confidential, meaning they will not be used for purposes outside this litigation. In particular, Defendants will not attempt to contact any of AFL's customers to solicit them for commercial purposes. Please confirm AFL will treat Defendants' documents in a similar way. If AFL cannot confirm this, we will be unable to produce documents until the Court enters a protective order. In December, John was going to revise his proposed protective order into a one-tier order, but we have not received it.
- Please let me know when/if you are able to serve Michael Phillips; from our experience (see below), it is difficult to serve on-base personnel.
- We were unable to serve Kris Blommel or Jim Keady with a subpoena; those depositions will not go forward. Unless you can produce them for a deposition, we will seek to exclude any and all evidence that comes from them.
- Since you have refused to produce FJK employees for depositions, we have noticed them for deposition under the treaty for serving Japanese nationals. The treaty specifies those depositions will take place at the US Embassy in Tokyo. The first date available for those depositions when we noticed them a month ago was September 4-6; accordingly, we expect to take those depositions then. If we cannot take those depositions for any reason, we will seek to exclude all evidence from FJK and its employees.
- Daniel Parsons will be our 30(b)(6) witness for both SurplusEQ.com and Tech Sales. We think there is no reason you cannot complete all three depositions on Monday.
- Similarly, we will be serving a 30(6)(6) notice of deposition for AFL to take place immediately following Mr. Althoff's deposition, expecting we can take it at the same time as Mr. Althoff. We are happy to move that deposition to another of AFL's witnesses if you prefer.

- Joel and I had discussed mediation with a magistrate judge, and also the possibility of mediating prior to depositions. I told Joel that Defendants would agree to both. I am assuming by the lack of follow-up that AFL is not interested in either.
- On March 26, we contacted the court regarding the first three bullet points. The court returned my call days later, but has not scheduled anything. We will contact the court again today, so that we can discuss these issues. Based on the lack of response over the past two weeks, I'm not sure if the court will schedule a telephonic hearing or not.

Geoff

---

**From:** Smith, Melissa [mailto:melissa.smith@stites.com]
**Sent:** Wednesday, April 11, 2012 9:24 AM
**To:** barry.uhrman@phoenix.gov; dnoblitt@ngtechlaw.com; Geoffrey Kercsmar; Gregory Collins
**Cc:** Beres, Joel; Scruton, John; sgarrison@lrlaw.com; solafson@lrlaw.com
**Subject:** AFL Telecommunications LLC v. SurplusEQ.com Incorporated et al.

Counsel:

Attached please find a subpoena duces tecum served in connection with the above-referenced action.

Regards,
Melissa


**Melissa Hunter Smith**, *Associate*
*Direct: (615) 782-2283*
*Fax: (615) 742-0731, melissa.smith@stites.com*



401 Commerce St., Suite 800 | Nashville, TN 37219

**NOTICE: This message is intended only for the addressee and may contain information that is privileged, confidential and/or attorney work product. If you are not the intended recipient, do not read, copy, retain or disseminate this message or any attachment. If you have received this message in error, please call the sender immediately at (615) 782-2200 and delete all copies of the message and any attachment. Neither the transmission of this message or any attachment, nor any error in transmission or misdelivery shall constitute waiver of any applicable legal privilege.**

# Exhibit 2

Email dated April 19, 2012

## Scruton, John

| | |
|---|---|
| **From:** | Scruton, John |
| **Sent:** | Thursday, April 19, 2012 2:36 PM |
| **To:** | 'gsk@kflawaz.com'; 'gbc@kflawaz.com' |
| **Cc:** | Beres, Joel; 'Garrison, Sean'; 'solafson@lrlaw.com' |
| **Subject:** | AFL v SurplusEQ - Protective Order |
| **Attachments:** | LOUISVILLE-#878072-v1-Stipulated_One-Tier_Protective_Order_AFL_v_SEQ.DOC; LOUISVILLE-#850659-v2-Proposed_Protective_Order_SEQ.DOC |

Geoff:

Further to my correspondence of Tuesday, I am attaching two proposed protective orders. You had previously indicated you would agree to a one-tier order, and one of the two attached is such an order. The other is a two-tier order with an "Attorneys' Eyes Only" (AEO) designation that we still believe is not only appropriate but necessary in this case. <u>My understanding is that we have agreed that the materials exchanged to this point will be treated as "confidential" under either version</u>.

This issue of the two-tier order comes to the fore with the AFL depositions upcoming. Your 30(b)(6) notice, which we received in Monday's mail, seeks testimony in various areas that would likely require disclosure of information that we would consider to fall into the AEO category. The need for an AEO category arises from the facts that (1) that the parties are direct competitors and that disclosure of information about such things as profit margins, unit costs, and other finances to SurplusEQ would threaten unfair competitive injury, (2) other information could be of use to a gray marketer seeking to pass off gray market goods as authorized goods. Specifically, SurplusEQ has sold at least one unit whose serial number has been altered, and under the circumstances disclosure of information about serial numbers authorized for sale in the United States would threaten unfair competitive injury in that it could allow SurplusEQ to alter numbers to those of authorized units, or could put SurplusEQ in a position to disclose that information to its suppliers, thereby allowing them to do so. The same is true about matters such as software details, which could assist SurplusEQ or others in efforts to circumvent protections incorporated in the software or to make alterations such as to language, licensing, or serial number programming.

Providing such information to a direct competitor in any unfair competition/infringement case would be a significant threat, even with an order limiting its use. In our experience, a two-tier order with an AEO provision is typical in such cases. The fact, disclosed on Monday, that Mr. Parsons has a felony conviction obviously heightens the concern in this case. Further, although you previously indicated that you would need Mr. Parsons to help you to understand the information AFL provided, that need would not seem to apply to information about serial numbers or software, and Mr. Parsons did not display in his deposition the sort of financial expertise that suggests that he would be necessary to interpreting any financial disclosures from AFL.

Please let me know if you will agree to the two-tier order. If not, we will need to take it up with the Court before the AFL depositions.

In the meanwhile, even if you will not agree to the two-tier order, I would hope that we could agree for the time being to the one-tier order. It is obviously much more detailed than our current agreement regarding confidentiality, but I think it is a reasonable form of order. We are of course open to reasonable modifications in either form.

Also, I should mention that I will be basically unavailable on Friday, but I believe you and Joel will be together at the Chris Wood deposition.

John Scruton

# Exhibit 3

Email dated July 12, 2012

# Scruton, John

| | |
|---|---|
| **From:** | Geoffrey Kercsmar <gsk@kflawaz.com> |
| **Sent:** | Thursday, July 12, 2012 2:09 PM |
| **To:** | Scruton, John |
| **Cc:** | Gregory Collins; Beres, Joel |
| **Subject:** | RE: AFL v. SurplusEQ - Protective Order |

John-

I agree. I thought the AEO part of the Order applied only to the source code; I went back and re-read, and you are correct.

We'll go back and look at your order to see if we can stipulate. Regardless of what we ultimately agree to, the Order requires production on/before July 20, and has enough detail that this date should not be delayed. In other words, we can be reasonable, but that should not be construed as a reason to delay production.

Geoff

---

**From:** Scruton, John [mailto:JScruton@stites.com]
**Sent:** Thursday, July 12, 2012 8:15 AM
**To:** Geoffrey Kercsmar
**Cc:** Gregory Collins; Beres, Joel
**Subject:** RE: AFL v. SurplusEQ - Protective Order

Geoff:

I'm not sure what your basis is for stating that the AEO protection applies only to the source code.  You are incorrect about that.  The Order specifically states:

"Documents produced pursuant to this order shall be seen and reviewed only by Defendants' counsel and support staff in counsel's law offices. They shall not be shared in any way with any employee or officer of Defendants. The documents may be shared with outside expert witnesses who agree in writing to be bound by the protective order in this case and by this order."

That presupposes a protective order that has been entered in the case, and as you are aware we have agreed to confidentiality provisions but have not presented the Court with a form of order.  I'm not sure what your resistance is to the AEO provisions, particularly in light of the recent order.  We would prefer to be able to present the Court with a stipulated Order but will bring it to the Court as a contested matter if necessary.

**John W. Scruton**, *Counsel*
*Direct: (502) 681-0320, Cell: (502) 797-8850*
*Fax: (502) 779-8236,* jscruton@stites.com



400 W. Market St., Suite 1800 | Louisville, KY 40202

**NOTICE:** This message is intended only for the addressee and may contain information that is privileged, confidential and/or attorney work product. If you are not the intended recipient, do not read, copy, retain or disseminate this message or any attachment. If you have received this message in error, please call the sender immediately at (502) 587-3400 and delete all copies of the message and any attachment. Neither the transmission of this message or any attachment, nor any error in transmission or misdelivery shall constitute waiver of any applicable legal privilege.

**From:** Geoffrey Kercsmar [mailto:gsk@kflawaz.com]
**Sent:** Wednesday, July 11, 2012 5:34 PM
**To:** Scruton, John
**Cc:** Gregory Collins; Beres, Joel
**Subject:** Re: AFL v. SurplusEQ - Protective Order

John-

Under the order, the source code will be produced on an attorney's eyes only basis, and the Court defined how that was to be treated. We will comply with that order to the letter, naturally.

None of the other documents were afforded that protection by the Court. Accordingly, there is no need to address your protective order. Any documents you produce labeled as "Confidential" will be treated as such, but I don't see any basis for a request for AEO protection other than the software source code.

Geoff


On Jul 11, 2012, at 1:51 PM, "Scruton, John" <JScruton@stites.com> wrote:

> Geoff:
> In light of the Court's order last week providing for production of certain documents on an "attorneys' eyes only" basis, I think we need to revive the conversation about a asking the Court to enter a protective order. I am attaching the draft order that I most recently provided that includes the AEO provisions. At the time, you contended that there was no need for an order with AEO provisions. Please let me know if Defendants will now agree to this order or if you have suggestions for changes that would make it acceptable to Defendants. Thanks.
>
> **John W. Scruton**, *Counsel*
> *Direct: (502) 681-0320, Cell: (502) 797-8850*
> *Fax: (502) 779-8236,* jscruton@stites.com
>
> 
>
> 400 W. Market St., Suite 1800 | Louisville, KY 40202
>
> **NOTICE: This message is intended only for the addressee and may contain information that is privileged, confidential and/or attorney work product. If you are not the intended recipient, do not read, copy, retain or disseminate this message or any attachment. If you have received this message in error, please call the sender immediately at (502) 587-3400 and delete all copies of the message and any attachment. Neither the transmission of this message or any attachment, nor any error in transmission or misdelivery shall constitute waiver of any applicable legal privilege.**
>
> <LOUISVILLE-#850659-v2-Proposed_Protective_Order_SEQ.DOC>