**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| AFL Telecommunications LLC,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>SurplusEQ.com Incorporated, et al.,<br><br>　　　　　Defendants. | No. CV11-1086 PHX-DGC<br><br>**ORDER SETTING TRIAL** |

A Final Pretrial Conference was held on July 24, 2013. Counsel appeared on behalf of Plaintiff and Defendant. On the basis of the parties' written submissions and the hearing,

**IT IS HEREBY ORDERED:**

1. Trial in this matter shall begin on **December 2, 2013, at 9:00 a.m.**

2. The trial shall last 5 days (December 2-6, 2013). Plaintiff shall be allotted 12 hours of trial time and Defendants shall be allotted 10 hours of trial time. The Court will keep track of each side's time. Opening and closing statements, direct examination, and cross-examination shall be counted against the parties' allotted time.

3. A final conference shall be held on **November 26, 2013, at 4:30 p.m.**, in Courtroom 603, Sandra Day O'Connor Federal Courthouse, 401 West Washington Street, Phoenix, Arizona 85003. Out-of-state counsel may participate by telephone.

4. The parties' proposed final pretrial order was approved by the Court as the final pretrial order in this case. The order shall govern the presentation of evidence and other trial issues, and, pursuant to Rule 16(e) of the Federal Rules of Civil Procedure,

shall be modified only to prevent manifest injustice. Evidence, objections, legal arguments, and relief not requested or identified in the order shall not be available at trial, except to prevent manifest injustice.

5. The Court addressed Plaintiff's motion in limine to exclude evidence of costs. Doc. 225. The motion was **granted in part and denied in part**. The Court held that Defendants may present evidence regarding the actual costs they incurred for purchasing the Fujikara splicers and evidence to support their claim that 40% of their annual overhead is attributable to fusion splicers. Because they did not disclose other costs in response to Plaintiff's interrogatories on this subject, they may not present evidence of such other costs.

6. The Court addressed Plaintiff's motion in limine to exclude previously undisclosed opinion testimony. Doc. 226. The motion did not identify specific expert testimony to be excluded, and therefore was **denied**. The Court will, however, hold all parties to their Rule 26(a) expert disclosures. Expert opinions not timely disclosed under Rule 26(a)(2)(B) or (C) and the Court's Case Management Order will not be permitted during trial.

7. The Court addressed Plaintiff's motion in limine to exclude references to Plaintiff's financial status and foreign ownership. Doc. 228. The motion asks the Court to preclude Defendants from mentioning AFL's wealth or foreign ownership in a derogatory or prejudicial manner. The motion did not identify specific evidence to be excluded, and therefore was **denied**. The Court will, however, prevent all parties from presenting derogatory or prejudicial arguments or evidence during trial. Parties may object if they believe such evidence or arguments are being presented.

8. The Court addressed Plaintiff's motion in limine to exclude previously undisclosed documents or fact testimony. Doc. 230. The motion did not identify specific documents or testimony to be excluded, and therefore was **denied**. The Court will, however, preclude all parties from presenting documents or testimony that should have

been disclosed during discovery under the Federal Rules.

9. The Court addressed Defendants' motion in limine to exclude all evidence relating to Entergy splicer date of sale. Doc. 215. The motion was **denied**. Defendants argue that the sale occurred before Plaintiff obtained exclusive agreements with Fujikara, and that the sale therefore cannot be presented in support of their copyright or trademark claims. The Court has already granted summary judgment on the copyright claim (Doc. 200), so that argument was denied as moot. The Court previously ruled that Plaintiff has standing to make a Lanham Act claim for sales after 2003. Doc. 200 at 16-17. As a result, the Court denied Defendants' request to preclude the 2006 sale. The sale is clearly relevant to the Lanham Act claim, and its probative value is not substantially outweighed by the risk of unfair prejudice.

10. The Court addressed Defendants' motion in limine to exclude evidence of Entergy splicer due to lack of evidence regarding country of origin. Doc. 216. The motion was **denied**. The motion argues that Plaintiff's evidence regarding the country of origin is inadmissible hearsay. The Court concluded that the declaration of the records custodian attached as Exhibit A to Plaintiff's response (Doc. 236-1) satisfies the authentication requirements of Rule of Evidence 902(12) and the additional requirements of Rule 803(6)(A)-(E), and that the records attached to the declaration are therefore admissible under Rule 803(6) as records of a regularly conducted activity.

11. The Court addressed Defendants' motion in limine to exclude the Entergy report as hearsay. Doc. 217. The Court **denied** the motion, with the following observations. Whether the report qualifies as a business record under Rule 803(6) must be determined after testimony about the elements of Rule 803(6) has been presented at trial. The Court cannot conclude at this stage that those elements cannot be satisfied. The fact that a report is prepared infrequently does not mean that it is not a business record, provided the elements of Rule 803(6) are satisfied. The statements in the report attributable to Fujikara constitute hearsay within hearsay and must have their own basis

for admissibility under the hearsay rules. The Court does not agree with Plaintiff's argument that they too fall within 803(6) because the information contained in the statements is kept in the ordinary course of Fujikara's business. Rule 803(6) concerns records, not information, and Plaintiff does not contend that the report is a Fujikara business record. The Court does not view the contents of the report as expert opinion under Rule 702.

12. The Court addressed Defendants' motion in limine to exclude all references to other gray market sellers. Doc. 218. The Court **denied** the motion. The Court cannot conclude at this stage of the case that all references to other gray market sellers would be irrelevant or prejudicial. In a Lanham Act case like this, the jury will be required to determine whether differences in the product were material and whether consumer confusion was likely. It is possible that evidence of other gray market activities will be relevant to some of these issues. That is a decision the Court can make only in the context of trial.

13. The Court addressed Defendants' motion in limine to exclude testimony regarding customer expectations and confusion. Doc. 219. The motion was **denied**. Defendants argue that testimony from AFL personnel on these subjects necessarily would lack personal knowledge and be based on hearsay. The Court cannot rule on personal knowledge and hearsay objections until it hears the testimony in question. Moreover, as Plaintiff notes, testimony about information obtained from consumers may be admissible state of mind evidence under Rule 803(3). *See Lahoti v. Vericheck Inc.*, 636 F.3d 501, 509 (9th Cir. 2011).

14. The Court addressed Defendants' motion in limine to exclude all evidence of used fusion splicers. Doc. 220. Defendants argue that used fusion splicers are not at issue in this case. Plaintiff filed no response. The Court will **grant** the motion.

15. The Court addressed Defendants' motion in limine to exclude punitive and trebled damages. Doc. 221. The motion was **denied**. Punitive damages are not

authorized by the Lanham Act, but they may be recovered under Plaintiff's state-law claim for unfair competition, a claim not addressed in Defendants' motion. Whether the evidence in this case justifies sending the punitive damages claim under the state-law count or a treble damages claim under the Lanham Act to the jury is a matter that must be decided at the close of Plaintiff's evidence. The Court cannot make that determination at this stage of the case.

16. The Court addressed Defendants' motion in limine to exclude all evidence that English is not available on units made for sale in China. Doc. 222. Defendants contend that Stephen Althoff has no personal knowledge of this subject and that Fujikara witnesses on this issue have not been listed as trial witnesses. Plaintiff responds that two Fujikara witnesses with knowledge on this subject, Hiroshi Sugawara and Noriyuki Kawanishi, have been listed as possible trial witnesses and have personal knowledge on this subject. For reasons stated in paragraph 18 below, the Court concludes that exclusion of these witnesses is not required for nondisclosure. Both were deposed during the course of this litigation. The Court accordingly **denied** the motion.

17. The Court addressed Defendants' motion in limine to exclude evidence relating to Daniel Parsons' drug conviction and alleged drug use. Doc. 223. The Court concludes that Mr. Parsons' drug conviction, which is more than ten years old, and testimony that he more recently engaged in the manufacture and distribution of drugs, is not relevant to this Lanham Act case. Even if some marginal relevance could be identified, the Court concludes that the risk of unfair prejudice would substantially outweigh it under Rule 403. The Court accordingly **granted** the motion.

The Court does not agree that the evidence is admissible under Rule 404(b). Plaintiff argues that "[t]he evidence in question tends to show that Mr. Parsons has intentionally and knowingly engaged in the sale of illicit items for his own personal benefit without regard for the interests of others. This is a material point in dispute in this litigation, and evidence of his prior bad acts should be admitted to establish willfulness."

Doc. 242. But this is precisely the kind of "propensity evidence" Rule 404 is designed to preclude – an assertion that Defendant sold illicit items for his own benefit in the past and therefore did so here as well.

The Court also concludes that the conviction, being more than ten years old, cannot be used for impeachment under Rule 609. "A conviction more than 10 years old may be admitted only if its probative value *substantially* outweighs its prejudicial effect. Because this test is so stringent, convictions more than 10 years old should be admitted rarely and only in exceptional circumstances." Vol. 4, Jack B. Weinstein & Margaret A. Berger, *Weinstein's Federal Evidence*, § 609.06[1] (Matthew Bender 2d ed.2013) (emphasis in original). In this Lanham Act case, the Court sees little if any probative value – even for impeachment – in a drug conviction more than ten years old.

Plaintiff argues that the circumstances of departure from Defendants' employment may become relevant for some former employees of Defendants, and that those circumstances include Defendant Parsons' recent drug us. If Plaintiff concludes that such evidence becomes important during the trial, counsel for Plaintiff can raise the issue with Court outside the hearing of the jury.

18.     The Court addressed Defendants' motion in limine to exclude undisclosed witnesses. Doc. 224. The motion concerns witnesses who were deposed in this case but never listed in a disclosure by Plaintiff under Rule 26(a)(1)(A)(i). The Court **denied** the motion. The Court concludes that the identity of these witnesses as individuals likely to have discoverable information (Rule 26(a)(1)(A)(i)) was made known to Defendants by virtue of the fact that each of them was deposed by Defendants. This eliminated the need for supplemental disclosure with respect to these witnesses. *See* Rule 26(e)(1)(A). Plaintiffs complied with the trial witness disclosure obligation in Rule 26(a)(3)(A)(1) by listing the witnesses in the proposed final pretrial order. *See* Doc. 207, ¶ 2. And because each of these witnesses was deposed by Defendants, the Court concludes that a failure to disclose them, if it had occurred, would be harmless, and that exclusion of the witnesses

would therefore not be required under Rule 37(c)(1).

20. Defendants filed a motion in limine to exclude argument and testimony regarding the performance and reliability of fusion splicers. Doc. 227. The motion is **denied**. Defendants argue that Plaintiff failed to produce testing documents as required by the Court's July 5, 2012 order, and that the Court should sanction Plaintiff by precluding any evidence of splicer testing. In response, Plaintiff produces a letter with which it transmitted to Defendants the documents required by the Court's July 5, 2012 order, and assert that several hundred pages of the production included splicer testing information. Doc. 244-1 at 2. On this record, the Court cannot conclude that Plaintiff should be sanctioned for failing to comply with the Court's order. In addition, Plaintiff has disclosed expert testimony concerning the condition and likely performance of the Entergy splicer that would not be subject to preclusion even if the documents had not been produced.

20. The Court addressed Defendants' motion in limine to exclude AFL's undisclosed warranty and consumer copyright license agreement. Doc. 229. The motion is **granted in part and denied in part**. Defendants argue that AFL failed to produce warranty documents after it agreed to do so in a conference call with the Court on June 15, 2012, and failed to produce its consumer copyright license. As a result, Defendants contend, AFL should be precluded from presenting evidence regarding the warranty and license agreement at trial. In response, AFL does not dispute that it failed to produce the warranty documents, but argues that its claim is based not on the terms of the warranty but on the fact that customers receive warranty service from AFL and Fujikara for regular market items, but not for gray market items. AFL clearly agreed to produce warranty documents to the extent they exist (Doc. 229-1 at 15), a fact acknowledged and relied on by the Court (Doc. 229-1 at 25). Because it never produced warranty documents, AFL will be precluded at trial from presenting evidence concerning the terms of its warranty. AFL will not be precluded, however, from presenting evidence

that it provides warranty service at its own factory and at Fujikara. That fact has been a part of AFL's position in this case from the outset. With respect to the license agreement, AFL asserts that it produced documents containing terms of the license, including AFS00176. In its evidence at trial, AFL will be limited to terms of the license disclosed in documents produced during discovery or disclosed during deposition testimony.

21. The Court provided the parties with the Court's proposed voir dire questions. These questions will be discussed during the conference to be held on **November 26, 2013**.

22. The Court provided the parties with the Court's proposed preliminary jury instructions to be given at the beginning of trial. These instructions will also be addressed at the **November 26, 2013** conference.

23. The parties shall hold a settlement conference by **September 30, 2013**. The parties promptly shall notify the Court if a settlement is reached.

Dated this 25th day of July, 2013.

David G. Campbell
United States District Judge